# UNITED STATES DISTRICT COURT
### OFFICE OF THE PROBATION OFFICER
### EASTERN DISTRICT OF TENNESSEE



## PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Mark Hodges  **Case Number:** 4:10-CR-17-009

**Name of Sentencing Judicial Officer:**  The Honorable Harry S. Mattice, Jr.
United States District Judge

**Date of Original Sentence:** February 14, 2011

**Original Offense:** Conspiracy to Manufacture, Possess, and Distribute 5 Grams of Methamphetamine (actual) and 50 Grams or more of (Mixture) Methamphetamine

**Class:** B Felony  **Criminal History Category:** III

**Original Sentence:** 63 months imprisonment; 4 years supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** April 17, 2014  **Date Supervision Expires:** April 16, 2018

**Assistant U.S. Attorney:** James Brooks  **Defense Attorney**: Kyle Hedrick

**Revocation Guideline Range:** 18-24 Months (Grade A Violation)  **Statutory Maximum:** 3 years

*******************************************
## PETITIONING THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**  **Nature of Noncompliance**

1  **General Condition:** The defendant shall not commit another federal, state, or local crime.

2  **General Condition:** The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

| | | |
|---|---|---|
| 3 | **General Condition:** | The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. |
| 4 | **Special Condition:** | The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
| 5 | **Standard Condition #3:** | The defendant shall follow the instructions of the probation officer. |
| 6 | **Standard Condition # 7:** | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. |
| 7 | **Standard Condition #11:** | The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |

On April 21, 2014, during his initial office meeting with United States Probation Officer (USPO) Doug Corn, Mr. Hodges admitted that he has trouble controlling his temper, and described himself as potentially "very aggressive" if he becomes overwhelmed or frustrated. Due to his history of mental health issues, including Bi-polar Disorder, and anger management issues, he was instructed to seek and attend mental health treatment at Centerstone Mental Health in Estill Springs (Franklin County), Tennessee. He stated he would comply. Mr. Hodges was also offered substance abuse treatment due to his history of illegal drug use (primarily marijuana and methamphetamine), but denied needing the same citing his successful completion of the Bureau of Prisons Residential Drug Abuse Program.

On April 24, 2014, during an initial home visit with USPO Corn, Mr. Hodges noted that he was trying to secure visitation rights with his children from his ex-wife, Madlyn Hunt. USPO Corn specifically instructed Mr. Hodges to follow proper family court procedures and to refrain exhibiting any animosity toward Ms. Hunt. Mr. Hodges stated he would comply.

On May 20, 2014, Mr. Hodges advised USPO Corn that reported to Centerstone as instructed and was prescribed Wellbutrin, and was scheduled to begin seeing a counselor.

On June 10, 2014, Mr. Hodges advised USPO Corn during a routine home visit that his ex-wife was creating problems for him so he had his phone number changed. Mr. Hodges added that Ms. Hunt threatened to have him charged with kidnaping after his daughter apparently decided she wanted to live with Mr. Hodges instead of Ms. Hunt. USPO Corn specifically instructed Mr. Hodges to have no

contact with Ms. Hunt except through approved court proceedings. Mr. Hodges stated he would comply.

On <u>July 23, 2014</u>, Mr. Hodges advised USPO Corn that he quit attending mental health counseling at Centerstone. USPO Corn specifically instructed Mr. Hodges to attend mental health counseling at Centerstone as previously instructed.

On <u>September 29, 2014</u>, Mr. Hodges called USPO Corn to report that he used <u>marijuana</u> a few weeks before and he wanted to be honest about it. Mr. Hodges claimed he relapsed because his 15 year old daughter was arrested for running away from her mother and coming to his house, which stressed him out. Mr. Hodges was given a verbal reprimand and, once again, instructed to resume mental health counseling at Centerstone. He stated he would comply.

On <u>October 16, 2014</u>, due to interoffice changes within the probation office, supervision of Mr. Hodges case was transferred to USPO Lenard Montgomery.

On <u>October 20, 2014</u>, Mr. Hodges failed to report for a routine drug screen as required.

On <u>November 6, 2014</u>, during a routine home visit, Mr. Hodges advised this officer that he was ***arrested*** on October 22, 2014, for **Harassment** by the Franklin County Sheriff's Office (FCSO). When asked why he was just now notifying me of the arrest instead of within 72 hours as required, Mr. Hodges stated the pending charges were false. This officer asked him if he had been harassing the alleged victim, Charles Brooks. Mr. Hodges denied the charges and claimed that Mr. Books had been harassing and making threats toward him and his girlfriend. Mr. Hodges was instructed to follow any court order(s) and handle all issues concerning Mr. Books through the proper authorities. He stated he would comply.

According to the incident report filed by Deputy Billy Damron of the FCSO:

> "On 10/18/2014 I Deputy Billy Damron met with Charles Brooks Mr. Brooks stated that he has been receiving harassing and sexually explicit text from Mark Hodge. Mr. Brooks stated that his ex-girlfriend Crystal Reese is living with Mark Hodge and that Mark has sent him a picture of her holding her baby sitting on a bed and on a night stand (in) what appears to be a bottle with a tube running out of the top and into the wall. Mr. Brooks thinks it is a gasser bottle for meth. Mr. Brooks believes that the baby is his and believes it might be in danger if they are cooking meth around it. Mr. Brooks would like to prosecute Mark Hodge for harassment via text messages. This incident did occur in Franklin County Tennessee."

On <u>November 13, 2014</u>, Mr. Hodges reported to the probation office to address his recent arrest more fully. Once again, he denied harassing Mr. Brooks and he showed this officer a text message which indicated Mr. Brooks may have been harassing him. Mr. Hodges was given the following written instructions:

1. You shall conduct yourself in a civil, law-abiding, non-threatening manner. You shall not make threats of any nature against another person, place, animal, property, etc. This includes both verbal and non-verbal threats which are direct or indirect, which includes threats made via a third-party.

2. You shall not have any contact with Charles Brooks , directly, indirectly, through a third party, through social media, or in any way that could be construed as harassing, or threatening.

Mr. Hodges was also warned that _any_ further violations of his supervised release could result in court action being requested, which could include revocation of his supervised release. He signed the form indicating he understood and would comply.

On November 21, 2014, Mr. Hodges **_failed to report_** for a routine drug screen as required.

On November 24, 2014, during a routine home visit, Mr. Hodges **_admitted_** that he used marijuana on or about November 9, 2014. He also disclosed that on November 20, 2014, he was charged with Making a False Report by the Winchester Police Department. Mr. Hodges denied making false statements to the police and noted this incident involved the ex-boyfriend of his current girlfriend. This officer reminded Mr. Hodges of the written instructions given to him on November 13, 2014, that he conduct himself in a civil, law-abiding, non-threatening manner and he was instructed to keep his complaints within proper court procedures. He stated he understood and would comply.

On December 22, 2014, Mr. Hodges called the probation office and spoke with USPO Sladjauna Hays and USPO Joey Byars (this officer was unavailable that week). Mr. Hodges **_admitted_ that used marijuana the previous weekend and has been using marijuana on the weekends**. He further **_admitted_** that he had not been attending counseling at Centerstone as previously instructed on several occasions, citing his lack of a driver's license and current employment, but he asked for help with his marijuana addiction. USPO Byars, who is also the treatment services specialist for the probation office, offered Mr. Hodges weekly substance abuse and/or mental health counseling sessions at probation office expense at Cheer Mental Health in McMinnville, Tennessee. However, Mr. Hodges stated he did not want to drive to McMinnville for treatment. Mr. Hodges then asked about attending a 30 day inpatient program at the Council for Alcohol and Drug Abuse Services (CADAS) in Chattanooga, at probation office expense, so he could get away from Winchester, Tennessee. He was advised that 28 day inpatient treatment at CADAS is extremely expensive and that the probation office does not have funds available for that type of expensive treatment, especially considering that he has not been attending mental health treatment as instructed and that he just refused weekly outpatient counseling at probation office expense because he did not want to have to drive to the treatment. Mr. Hodges was then instructed to contact Centerstone and/or CADAS to see if they had an inpatient program available that he could enter under a state grant. If not, he was instructed, once again, to attend counseling at Centerstone Mental Health and to advise USPO Hays of the name of his counselor so that his compliance could be confirmed.

On December 24, 2014, USPO Corn received a telephone call from FCSO Detective Nick Watson advising that Mr. Hodges was **_arrested_** that day and charged with **Aggravated Assault (2 counts)**. According to the incident report:

On 12/24/2014 Wednesday I (NW) met officers of the Franklin Co. Sheriff's Office at 1829 Oak Grove Road Decherd Franklin Co. Tennessee. At this residence officers got a call that a Mark Hodges white male used a machete to harm Anthony Wagner inside the residence. Mark Hodges, pushed Crystal Reese and forced his (MH) way inside the residence. Mark Hodges, got the machete off a dryer and ran straight to the bedroom where Anthony Wagner was sleeping and was attempting to swing the machete at Anthony Wagner. I (NW) got statements from Crystal Reese and Anthony Wagner. Mark Hodges will be charged with aggravated assault x 2.

Crystal Reese, Mr. Hodges' former girlfriend, provided the following statement to Detective Watson:

I woke up to Mark beating on all doors and windows, I looked out back door, he was there asking me to talk to him and he would just leave, he pushed the door open and pushed me into dryer, in back room, grabbed a machete and ran through the house toward back bedroom where my friend was sleeping, and he tried to kill him. I grabbed Mark by shoulder and we went to floor and Anthony ran through house to get help and I grabbed Marks legs and held on to him so Anthony could get away and I held onto Marks legs as long as I could because I was scared and didn't know what to do, he threw me into floor, hit my head, and hit me in eye and I asked him to please just leave. I didn't want trouble, he refused to leave til police dept pulled in driveway and he made me promise to come see him and tried to make me leave with him and he just finally took off running back out the back door and threatened to kill me and Anthony both then himself. I was hiding my location because he abused me. Somehow he found me. I saved my friends life by holding onto his legs.

The Crystal Reese in this pending case is the same person involved in Mr. Hodges pending Harassment charge from October 22, 2014.

Anthony Wagner provided the following statement to Detective Watson:

I awoke to Crystal Reese screaming and Mark Hodges busting into my bedroom door wielding a machete over his head with Crystal around his waist to keep him from striking me with it. I fled to my neighbors house to call 911.

As of this date, Mr. Hodges remains in custody at the Franklin County Jail. His bail has been set at $35,000. His next state court date is scheduled for Monday, March 30, 2015, in Franklin County Sessions Court under case number 14-CR-2578.

**ASSESSMENT OF FLIGHT/DANGER AND BOND RECOMMENDATION:** Mr. Hodges is 43 years old. He is on supervision after being convicted of a drug (methamphetamine) offense. His Criminal History Category is III.

According to his presentence report, Mr. Hodges has a lengthy criminal history which includes at least 12 adult convictions for the following offenses: Assault - 3rd Degree, Carrying a Pistol, Possession of Cocaine, Disorderly Conduct (3), Resisting Arrest, Concealing Stolen Property, Selling a Schedule VI

Controlled Substance, and Patronizing Prostitution. Mr. Hodges has also been <u>arrested</u> on at least six (6) other occasions for offenses which include: Assault - 3rd Degree (2), Grand Larceny, Vandalism, Fugitive from Justice, and Possession of Marijuana.

Based on the information above regarding Mr. Hodges violations and criminal history, the probation office considers him to be a danger to the community. Therefore, the probation office respectfully recommends that Mr. Hodges be **<u>detained</u>** pending a revocation hearing before the Court.

**Petitioning the Court to order:**

That a **<u>warrant</u>** be issued and the defendant be ordered to appear in court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 29, 2014.

Respectfully submitted,

Lenard Reshard Montgomery
2014.12.30 10:19:52 -05'00'

Lenard R. Montgomery
United States Probation Officer

Approved:

2014.12.30
10:09:24 -05'00'

Tim Chavers
Supervising United States Probation Officer

**ORDER OF COURT:**

A **<u>warrant</u>** is to be issued and the defendant is ordered to appear in court for a hearing to determine whether the term of supervision should be revoked. This petition is to be placed under seal until the defendant is arrested or appears in court.

So ordered. **ENTER.**

/s/ Harry S. Mattice, Jr.
Harry S. Mattice, Jr.
United States District Judge